51 F.3d 284
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Johnny Blair VAUGHN, Defendant-Appellant.
 No. 94-50275.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 9, 1995.*
Decided March 22, 1995.
 
 Before: BROWNING, BOOCHEVER, and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 * The record is not sufficiently developed to enable us to decide whether Vaughn was denied effective assistance of counsel because of trial counsel's alleged failure to investigate and interview witnesses. This issue must be raised in a collateral proceeding under 28 U.S.C. Sec. 2255 rather than on direct appeal. United States v. Sitton, 968 F.2d 947, 960 (9th Cir.1992).
 
 
 3
 Vaughn was not deprived of effective assistance of counsel by counsel's failure to obtain evidence relating to his back injury and the prior thefts at the post office. This evidence concerned matters collateral to guilt; Vaughn has failed to show how he was prejudiced by counsel's failure to introduce it. See Strickland v. Washington, 466 U.S. 668, 691-92 (1984). Counsel's decision not to introduce evidence that the Postal Service offered Vaughn a job only after he complained he was being discriminated against because of his criminal history was a permissible tactical choice, to avoid putting evidence of Vaughn's criminal background before the jury. Id.
 
 
 4
 Vaughn was not denied effective assistance by trial counsel's failure to object to admission of the test parcels and Swiss army knife. Clearly, there was foundation for admission of this evidence. Inspector Myers testified that he personally prepared the packages, watched Vaughn pick them up, and either could not find them after Vaughn returned from his route or found them in a torn condition. Myers testified he personally searched Vaughn's car and found the test package, the Lady Desiree packages, and the Swiss army knife, and that when he opened the knife, he found a small piece of brown paper matching the test parcel. Vaughn's contention that counsel erred in failing to object at trial to the evidence of the prior incidents of mail theft is also without merit; this evidence had already been ruled admissible on the government's pretrial motion, over counsel's objection.
 
 
 5
 Vaughn was not prejudiced by counsel's failure to request an instruction that Vaughn was not on trial for acts not charged in the indictment--such an instruction was given without counsel's request.
 
 
 6
 Vaughn's trial counsel did not concede Vaughn's guilt during closing argument. On the contrary, counsel urged the jury to conclude the government had failed to prove Vaughn's guilt beyond a reasonable doubt; that the government's evidence was too pat and full of coincidences to be believable, and taken as a whole supported defendant's theory that Vaughn had been "set up" by other post office employees.
 
 
 7
 Because none of the alleged errors by counsel prejudiced Vaughn, we reject the argument that the cumulative effect of the errors was prejudicial.
 
 II
 
 8
 The evidence was sufficient to support Vaughn's conviction. The stolen parcels were found in Vaughn's personal vehicle, and there was eyewitness testimony that Vaughn carried the test parcel from his postal vehicle to his personal vehicle. Even though the government was unable to match Vaughn's fingerprints with those on the test parcel, and the credibility of Inspector Myers's testimony that he saw a square brown object inside the sweater was undermined by the fact that he did not present this detail to the magistrate in the search warrant affidavit, a rational trier of fact could have found the elements of the crimes beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3